FLORANCE *vs.* CAMP.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

In the *Code of Practice, articles* 212 and 214, the words "leave the state" and "remove from the state," are synonymous, and an affidavit made in accordance with either, is sufficient.

*Benjamin*, for appellant.

1. The affidavit for arrest is good and sufficient in law, because it is drawn up in the terms directed by law, or in other terms, equivalent thereto. *Code of Practice, arts.* 212 and 214.

*Hoffman* and *Hill, contra.*

The facts are stated in the opinion of the court, delivered by MATHEWS, J.

This case is brought before the court on an assignment of errors apparent on the face of the record, in relation to the construction given by the court below, on the *art.* 214 *of the Code of Practice,* relative to bail, &c.

In the commencement of this suit no affidavit was made, in order to have the defendant arrested, &c. Afterwards a supplemental petition was filed, in which the plaintiff stated that he had reason to believe the defendant was about to *remove* from the state, without leaving in it sufficient property to satisfy the demand of the former. To this supplemental petition an affidavit was annexed, in which the plaintiff declared that the defendant was about to *leave* the state, &c. In pursuance of this affidavit, an order for bail was granted, on which the defendant was arrested and gave bail. The order for bail was afterwards rescinded on account of the insufficiency of the affidavit, as thought by the judge *a quo.*

The affidavit and order for bail, are grounded on the *arts.* 212 and 214, of the *Code of Practice.* The first of these

article authorises bail to be required, when a debtor is about
to *leave* the state, even for a limited time, &c. The second requires the creditor to swear that he verily believes that the defendant is about to *remove* from the state. Now it is clearly seen from the article 212, that bail may be required, when a debtor under certain circumstances is about to leave or remove from the state temporarily. And the article 214, only requires that this fact should be established by the oath of the creditor. Although the words *leave* a state, and *remove* from a state, may not on all occasions be considered as synonymous; yet it seems to us, that in these two articles of the Code, they are used as complete synonyms, and that the same idea would be conveyed by either one or the other when used in an affidavit, to hold to bail, under the provisions of the Code.

*In the Code of Practice, articles 212 and 214, the words "leave a state" and "remove from a state," are synonymous, and an affidavit made in accordance with either, is sufficient.*

We are therefore of opinion, that the judge *a quo*, erred in setting aside the order for bail, and dismissing the supplemental petition, consequently.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, in this respect, be reversed and annulled, and that the order for bail be reinstated, the bail bond rendered valid, and that the cause be remanded to be further proceeded in the court below, according to law, the appellee to pay the costs of this appeal.